Dyan Finguerra-DuCharme
Felicity Kohn
Jessica L. Rosen
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEDICAL DEPOT, INC. d/b/a DRIVE DEVILBISS HEALTHCARE, <br><br> Plaintiff, <br><br> - against - <br><br> MED WAY US, INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare ("Plaintiff" or "Drive"), by its attorneys Pryor Cashman LLP, alleges as follows against defendant Med Way US, Inc. ("Defendant" or "Med Way"):

**NATURE OF ACTION**

1. This is an action for willful trademark infringement, unfair competition, and the cancellation of a trademark. Plaintiff manufactures an extensive line of medical equipment that it distributes to customers located throughout the world. Plaintiff has continuously and substantially used the MED-AIRE mark in connection with medical products, namely, therapeutic mattress support systems, air mattresses for medical purposes, therapeutic mattresses, beds, seats and cushions; pads for preventing pressure sores on patient bodies; air mattress systems for medical support comprising air pumps, hoses, bladders, filters, padding covers, valves, tubings, connectors,

1

and knobs (the "MED-AIRE Products") since at least as early as November 2007 in interstate commerce.

2. Through Plaintiff's exclusive and continuous use, the MED-AIRE mark has become synonymous with Plaintiff's high-quality products and serves to identify Plaintiff as the sole source of these goods. Plaintiff's MED-AIRE mark has become well-known by the general public and in relevant industries through widespread sales and advertising and promotion of the goods and services offered under the mark. In short, Plaintiff has developed considerable consumer recognition and goodwill in its MED-AIRE mark.

3. Plaintiff has developed extensive common law rights in the MED-AIRE mark as a source identifier of Plaintiff's goods. Further, Plaintiff is the owner of a pending application for the MED-AIRE mark, U.S. Application No. 90/078692, covering the aforementioned medical products in International Class 10.

4. Despite Plaintiff's prior and substantial rights in the MED-AIRE mark, Defendant launched a line of similar medical products under and filed a trademark application for the mark MEDAIR ("Defendant's MEDAIR mark"), Serial No. 88/721,827, covering International Class 10 medical products on December 10, 2019, more than twelve (12) years after Plaintiff's first use of the MED-AIRE mark, with a claimed first use of Defendant's MEDAIR mark of April 19, 2019. A basic internet search, would have revealed Plaintiff's prior use of a virtually identical mark in connection with identical goods prior to Defendant's first use of the mark.

5. Defendant's MEDAIR mark was registered on August 4, 2020, Reg. No. 6,116,976 ("Defendant's Registration"), and was cited as a basis to refuse registration of Plaintiff's MED-AIRE mark, pursuant to Section 2(d) of the Trademark Act.

6.  Plaintiff has been attempting to resolve this matter amicably with Defendant since September 2020, but Defendant has not complied with Plaintiff's reasonable requests to expressly abandon its MEDAIR registration and cease use of its infringing mark.

7.  Defendant's actions have caused and are causing immediate and irreparable harm to Plaintiff. To redress the harm that Defendant is causing to Plaintiff, Plaintiff brings claims for trademark infringement unfair competition and false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); cancellation of Defendant's trademark registration under Section 37 of the Lanham Act (15 U.S.C. § 1119); and related claims under statutory and common law. Plaintiff seeks injunctive and monetary relief due to Defendant's egregious, willful and wanton activities, including exemplary damages, attorneys' fees and costs.

## PARTIES

8.  Plaintiff Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare is a Delaware corporation with an address of 99 Seaview Boulevard, Port Washington, New York, 11050.

9.  Upon information and belief, Defendant Med Way US Inc. is a Georgia corporation with an address of 450 Satellite Blvd NE, Suite A, Suwanee, GA, 30024.

## JURISDICTION AND VENUE

10.  This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has subject matter jurisdiction over the claims in this Complaint that relate to trademark infringement and unfair competition pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) & (b).

11.  This Court has supplemental jurisdiction over the claim in this Complaint that arises under state common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the

state law claim is so related to the federal claims that it forms part of the same case or controversy and derives from a common nucleus of operative facts.

12. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is doing business in New York, has contracted to supply goods or services in New York, the claims at issue arise out of its transaction of business and/or supplying goods and services directed to consumers residing in New York, and/or Defendant has committed infringing acts outside of New York causing injury to Plaintiff in New York and/or Defendant regularly does or solicits business in New York and/or derives substantial revenue from goods used or services rendered in New York and/or expects or reasonably should expect its infringing conduct to have consequences in New York and derives substantial revenue from interstate commerce. These activities fall within the long-arm statute of the State of New York, C.P.L.R. §§ 301 and 302(a).

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is transacting business and committing tortious acts within the State of New York and this District.

## FACTS

I. **Plaintiff and Its Well-Known MED-AIRE Mark**

    A. **Plaintiff's Business**

14. Drive DeVilbiss Healthcare was formed in January 2000 under the name Medical Depot, Inc. Shortly after the company's formation, ownership changed the company's name to "Drive" to reflect the spirit of the company and the quality of life it provides to the users of its products. Drive's continuous growth and expansion into a multi-national organization has been supported by the best professionals in the business, state-of-the-art technology and an enduring winning attitude. When DeVilbiss Healthcare was acquired in 2015, the company became known as Drive DeVilbiss Healthcare.

15. Plaintiff carries a complete line of medical products, including rollators, mobility products, beds, bariatric products, wheelchairs, sleep surfaces and pressure prevention products, respiratory equipment, CPAP products, self-assist products, power wheelchairs, power scooters, rehabilitation products, pediatric products, patient room equipment, personal care products and electrotherapy devices.

16. Plaintiff's customer base spans many verticals, including individual consumers, home healthcare providers, healthcare distributors, retailers (both independent and chains), and online retailers.

### B. The MED-AIRE Mark and Products

17. Plaintiff's MED-AIRE Products are sold directly to consumers both online (including on the Amazon website) and in brick-and-mortar locations such as medical supply stores and pharmacies.

18. Plaintiff has continuously and substantially used the MED-AIRE mark in connection with the MED-AIRE Products since at least as early as November 2007 in interstate commerce and has thus developed extensive common law rights in the MED-AIRE mark as a single source identifier of Plaintiff's goods.

19. As noted above, Plaintiff is the owner of a pending application for the MED-AIRE mark, Serial No. 90/078,692, covering "medical products, namely, therapeutic mattress support; air mattresses for medical purposes; medical products, namely, therapeutic mattresses, beds, seats and cushions; pads for preventing pressure sores on patient bodies; air mattress systems for medical support comprising air pumps, hoses, bladders, filters, padding covers, valves, tubings, connectors, knobs…" in International Class 10 ("Plaintiff's Application").

## II.     Defendant's Adoption of the Confusingly Similar MEDAIR Mark

20.     In or around 2019, Defendant launched a line of similar medical products, namely air mattresses, under a virtually identical mark, MEDAIR; the marks are aurally indistinguishable and visually identical save for a hyphen and a single letter. On December 10, 2019, Defendant filed a federal trademark application for the MEDAIR mark covering Class 10 medical products, namely, "air mattresses with pump, for medical purposes," with a claimed date of first use of April 19, 2019.

21.     Defendant's Registration, which issued on August 4, 2020, was cited as the basis to refuse registration of Plaintiff's Application pursuant to Section 2(d) of the Trademark Act, citing likelihood of confusion with Defendant's MEDAIR mark. In particular, the U.S. Patent and Trademark Office (the "USPTO") determined:

> In this case, [Plaintiff's] mark and [Defendant's] mark are similar because they are both phonetic equivalents, creating the same sound when pronounced, MEDAIR and MED-AIRE. Although the marks are spelled differently or appear differently does not obviate the likelihood of confusion because the marks are phonetic equivalents, creating the same sound when pronounced, and this similarity alone is sufficient to support a finding that the marks are confusingly similar.
>
> …
>
> The application use(s) broad wording to describe "Air mattresses for medical purposes", which presumably encompasses all goods of the type described, including registrant(s)' more narrow identification, specifying the feature as "air mattresses with pump, for medical purposes". ... Additionally, the goods of the parties have no restrictions as to nature, type, channels of trade, or classes of purchasers and are "presumed to travel in the same channels of trade to the same class of purchasers." … Therefore, [Plaintiff's] goods and [Defendant's] goods are considered related for likelihood of confusion purposes.
>
> The marks create the same commercial impression and the goods are commercially related and are likely to be encountered together in the marketplace by consumers. Accordingly, consumers are likely to be

confused and mistakenly believe that the products originate from a common source. Therefore, registration must be refused.

22. As Plaintiff has continuously and exclusively used the MED-AIRE mark in connection with its goods since 2007, over a decade prior to Defendant's filing date and the date on which Defendant claims its date of first use in the Registration, Plaintiff unquestionably has priority.

23. As detailed above, and as determined by the USPTO, Defendant's MEDAIR mark is substantially similar to Plaintiff's MED-AIRE mark in sight, sound, meaning and commercial impression.

24. As detailed above, and as determined by the USPTO, Defendant's MEDAIR mark is used in connection with similar and/or identical goods, as identified in the Registration, with which Plaintiff uses with its MED-AIRE mark.

25. Upon information and belief, and as determined by the USPTO, Defendant's MEDAIR goods and Plaintiff's MED-AIRE goods are sold through the same channels of trade. For example, a search on Amazon for "med air bed" reveals the following first two results:



26. Upon information and belief, and as determined by the USPTO, Plaintiff and Defendant market and promote their respective goods to the same target consumers.

27. As determined by the USPTO, Defendant's use of the MEDAIR mark is likely to cause confusion, mistake or deception with consequent injury to Plaintiff and the public.

28. Plaintiff has been attempting to resolve this matter amicably with Defendant since September 2020, but Defendant has not complied with Plaintiff's reasonable requests to expressly abandon its registration and cease use.

29.     On or about May 7, 2021, Plaintiff filed a petition to cancel Defendant's MEDAIR Registration with the Trademark Trial and Appeal Board (the "TTAB"). It now initiates the instant action to compel Defendant to cease its use of the infringing mark, which is causing, and will continue to cause, irreparable harm to Plaintiff unless enjoined.

### III.    Plaintiff Is Suffering Irreparable Harm

30.     Defendant has undertaken activities in connection with the sale and promotion of products that are likely to cause consumer confusion as to the source or origin of its goods. In particular, consumers are likely to mistakenly believe that Plaintiff is the source of Defendant's MEDAIR products, or at a minimum, that Plaintiff is affiliated with, sponsored or has endorsed such products.

31.     The likelihood of confusion, mistake, and deception created by Defendant's sale of the infringing products is causing irreparable harm to Plaintiff and the goodwill associated with its MED-AIRE products, which it has built up over the past fifteen (15) years.

32.     Plaintiff will be damaged by the continuing registration of the Defendant's MEDAIR mark because the registration is blocking registration of Plaintiff's MED-AIRE mark in its U.S. Application No. 90/078692. Therefore, U.S. Registration No. 6,116,976 is a source of damage and injury to Plaintiff.

33.     Upon information and belief, Defendant undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship, and quality of Defendant's products.

34.     Upon information and belief, Defendant undertook the actions described herein to mislead consumers into believing that Plaintiff has endorsed, sponsored, or is somehow associated with products bearing the MEDAIR mark.

35. Upon information and belief, Defendant adopted the MEDAIR mark to, at a minimum, call to mind the MED-AIRE mark and Plaintiff's well-known medical products.

36. Defendant's conduct described herein is intentional, fraudulent, malicious, willful, and wanton.

37. Defendant's conduct has injured Plaintiff, and if not enjoined, will continue to injure Plaintiff.

38. Defendant's unlawful actions described herein commenced approximately twelve years after Plaintiff began using the MED-AIRE mark in the United States.

39. Plaintiff will suffer irreparable harm to its business reputation and the goodwill associated with the MED-AIRE mark because it has no control over Defendant's products.

40. Defendant's deceptive conduct is harming the public in addition to harming Plaintiff and the MED-AIRE brand.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1125(a)

41. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

42. Plaintiff owns all right, title and interest in and to the MED-AIRE mark because it has continuously and exclusively used the MED-AIRE mark in connection with its goods prior to Defendant's filing date and the date on which Defendant claims its date of first use in the Registration.

43. Defendant has used in commerce, without Plaintiff's permission, the MEDAIR mark in a manner that is likely to cause confusion or mistake or deceive purchasers as to the source of Defendant's goods and/or cause consumers to mistakenly believe that there is an affiliation,

connection, approval, sponsorship or association of Plaintiff and/or Plaintiff's goods, services and commercial activities, on the one hand, with Defendant and/or its respective goods, services or commercial activities, on the other hand.

44. Defendant's acts constitute infringement of the MED-AIRE mark under 15 U.S.C. § 1125(a).

45. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer damage to its trademark rights, business reputation, and goodwill. Unless restrained, Defendant will continue to use the MEDAIR mark, which is confusingly similar to the MED-AIRE mark and has caused, is causing, and will continue to cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

46. Plaintiff is further entitled to recover from Defendant its profits, the actual damages Plaintiff has sustained and/or is likely to sustain as a result of Defendant's wrongful acts, and the costs of the action pursuant to 15 U.S.C. § 1117.

47. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its wrongful acts.

48. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to its reasonable attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM
## NEW YORK COMMON LAW UNFAIR COMPETITION

49. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

50. Plaintiff owns all right, title and interest in and to the MED-AIRE mark.

51. Consumers identify the MED-AIRE mark exclusively with Plaintiff when used on and in connection with medical products.

52. Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the MED-AIRE mark.

53. Defendant has infringed the MED-AIRE mark through its use of the confusingly similar MEDAIR mark on extremely similar or identical products. Defendant's unlawful acts are intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain.

54. Defendant's use of the MEDAIR mark is calculated to and is likely to create confusion, deceive and mislead consumers into believing that Defendant's products originate with or are authorized by Plaintiff, and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff.

55. Defendant's acts, as alleged herein, constitute unfair competition and will, unless enjoined by the Court, continue to result in harm to the goodwill associated with Plaintiff.

56. Upon information and belief, Defendant committed the acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiff.

57. The acts of Defendant have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

58. As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has suffered damage to its reputation and damage to the goodwill of its MED-AIRE mark. Further, Plaintiff is entitled to exemplary damages as a result of Defendant's malicious actions as described above.

## THIRD CLAIM
### CANCELLATION OF REGISTRATION NO. 6,116,976

59. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

60. Plaintiff hereby seeks cancellation of Registration No. 6,116,976 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), due to the likelihood that use of the MEDAIR mark in connection with the goods identified in the MEDAIR Registration is likely to cause confusion in the minds of the public and is likely to deceive purchasers, causing the public to mistakenly believe that such goods originate with, are approved by, or are affiliated with Plaintiff in violation of Section 2(d) of the Lanham Act, 15 U .S.C. § 1052(d).

61. Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Plaintiff has standing to bring this claim because Plaintiff is being and will be damaged as a result of the MEDAIR Registration as set forth hereinabove.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant, and its respective partners, agents and employees, and any and all persons in active concert or participation with Defendant, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing as follows:

1. Preliminarily and permanently enjoining Defendant, and its respective partners, agents and employees, and any and all other persons in active concert or participation with Defendant, and each of their heirs, executors, administrators, successors, licensees, assigns,

subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing from (a) using Defendant's infringing MEDAIR mark or any other mark that is confusingly similar to Plaintiff's MED-AIRE mark in connection with the marketing, promotion, offering, rendering, sale or other use in commerce of any product, in any manner that may cause confusion or mistake or may deceive the public into believing that such products originate with Plaintiff or that there is any affiliation or connection with Plaintiff, and from otherwise competing unfairly with Plaintiff; (b) assisting, aiding or abetting any other person or entity in the use of Defendant's infringing MEDAIR mark or any other mark that is confusingly similar to Plaintiff's MED-AIRE mark in connection with the marketing, promotion, offering, rendering, sale or other use in commerce of any products, in any manner that may cause confusion or mistake or may deceive the public into believing that such products originate with Plaintiff or that there is any affiliation or connection with Plaintiff; (c) using any of Plaintiff's intellectual property, including the MED-AIRE mark, or any confusingly similar marks; and (d) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive the public into believing that any of Defendant's goods or services originate with Plaintiff or that there is any affiliation or connection between Plaintiff and Defendant, and from otherwise competing unfairly with Plaintiff;

2.  Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of U.S. Trademark Registration No. 6,116,976, and any and all other federal registrations including confusingly similar variations owned or controlled by Defendant.

3.  Awarding Plaintiff damages in amounts to be determined at trial;

4. Awarding an accounting to Plaintiff for the gains and profits of Defendant and for the damages sustained by Plaintiff as a result of the willful, intentional and wrongful conduct of Defendant;

5. Requiring Defendant to pay Plaintiff its costs and expenses in this action, including attorneys' fees and costs; and

6. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 8, 2022

Respectfully submitted,

PRYOR CASHMAN LLP

__/s/ Dyan Finguerra-DuCharme__
Dyan Finguerra-DuCharme
Felicity Kohn
Jessica L. Rosen
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Fax: (212) 326-0806
dfinguerra-ducharme@pryorcashman.com
fkohn@pryorcashman.com
jrosen@pryorcashman.com
*Attorneys for Plaintiff*