# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDICAL DEPOT INC., d/b/a DRIVE DEVILBISS HEALTHCARE,<br><br>                Plaintiff,<br><br>     -against-<br><br>MED WAY US, INC.,<br><br>                Defendant. | Case No. 2:22-cv-01272 |

# SCHEDULING ORDER
## DEADLINES & COURT APPEARANCES

June 9, 2022:       Plaintiff's Position: Exchange of Rule 26(a)(1) disclosures should take place on June 9, 2022, as provided by Fed. R. Civ. P. 26(c), and as consistent with Plaintiff's counsel's recollection of the parties' May 26, 2022 26(f) conference. Plaintiff provided its Initial Disclosures on June 9, 2022.

June 17, 2022:      Defendant's Position: Exchange of Rule 26(a)(1) disclosures should take place on June 17, 2022, as provided by Fed. R. Civ. P. 26(c) and consistent with counsel to Med Way's recollection of the parties' May 26, 2022 Rule 26(f) conference.

| | |
|---|---|
| July 8, 2022: | Service of first interrogatories and document demands |
| 8/8/2022: | Responses to first interrogatories and document demands |
| 9/13/22 | Motions to join new parties or amend the pleadings |
| 9/12/22 @ 12:00pm | Status conference |
| October 14, 2022: | Completion of depositions |
| November 18, 2022: | Identification of case-in-chief experts and service of Rule 26 disclosures |
| December 2, 2022: | Identification of rebuttal experts and service of Rule 26 disclosures |
| On or after August 1, 2022: | Commencement of summary judgment motion practice |
| February 6, 2023: | Trial-ready date |

**2/28/23 at 12:00 pm**     Pretrial conference

## (SO ORDERED) STIPULATION REGARDING SUBJECTS OF DISCOVERY

WHEREAS, Plaintiff Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare ("Plaintiff") filed a Complaint on March 8, 2022 (Dkt. No. 1), alleging trademark infringement and unfair competition and seeking cancellation of Med Way US, Inc.'s ("Med Way") federally registered trademark on the basis that Med Way's registered MEDAIR® trademark as used on and in connection with air mattresses with pump, for medical purposes, allegedly infringes Plaintiff's trademark rights in connection with MED-AIRE, also used in connection with air mattresses for medical purposes and related products;

WHEREAS, on May 5, 2022, Med Way Answered the Complaint and filed Counterclaims (Dkt. No. 13), as amended on May 23, 2022 (Dkt. No. 15), alleging trademark counterfeiting and infringement, unfair competition, false designation of origin, false advertising, and trademark dilution arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), and seeking declarations, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., that Plaintiff's pending '692 Application for the alleged MED-AIRE mark is not entitled to registration with the USPTO in view of, *inter alia*, Med Way's prior existing use and rights in and to its MEDAIR® trademark, which is the subject of that certain '976 Registration and further that Plaintiff's MED-AIRE mark is not enforceable against and cannot preclude Med Way from exercising its well established rights in and to its registered MEDAIR® trademark, that to the extent that Plaintiff has any common law rights in and to its MED-AIRE mark that Plaintiff misused those rights, and that Plaintiff, by and through its continued prosecution of the '692 Application has defrauded and continues to defraud the USPTO, and for trademark infringement,

unfair competition, trademark dilution, unlawful and deceptive acts and practices under the laws of the State of New York, and tortious interference with business relations and economic advantage asserting in part that Plaintiff's use of its MED-AIRE mark in connection with air mattresses for medical purposes and related products infringes its rights in and to its registered MEDAIR® trademark;

WHEREAS, the parties' pleadings establish their agreement that their respective marks, MEDAIR and MED-AIRE, are aurally and visually similar, that the products in connection with which the marks are used are identical or related, that their channels of trade are overlapping, and that the consumers of their products are overlapping if not identical;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff and Med Way, as follows:

1. The prefatory clauses above are incorporated as if fully set forth herein.
2. Given Plaintiff and Med Way's agreement that their respective marks are aurally and visually similar, that the products in connection with which the marks are used are identical or related, that their channels of trade are overlapping, and that the consumers of their products are overlapping if not identical, Plaintiff and Med Way agree that the subjects of discovery should be limited to the following:
    a. Priority in their respective marks;
    b. Use of the parties' respective marks in commerce;
    c. Damages; and
    d. Willfulness/intent in adopting the mark.

3. This stipulation may be executed in facsimile and counterparts, which shall have the same effect as the original. Copies of signatures, transmitted electronically, shall be sufficient to render this stipulation binding and effective.

Dated: New York, New York
       June 14, 2022

| PRYOR CASHMAN LLP | GILBRIDE, TUSA LAST & SPELLANE LLC |
|---|---|
| By: _/s *Dyan Finguerra-DuCharme*____<br>Dyan Finguerra-DuCharme<br>Felicity Kohn<br>Jessica Rosen<br>7 Times Square<br>New York, NY 10036<br>(212) 326-0156<br>dfinguerra-ducharme@pryorcashman.com<br>fkohn@pryorcashman.com<br>jrosen@pryorcashman.com<br><br>*Attorneys for Plaintiff* | By: _/s *Todd S. Sharinn*_____<br>Todd S. Sharinn<br>1011 High Ridge Road<br>Stamford, CT 06905<br>(203) 542-8418<br>tss@gtlslaw.com<br><br>*Attorneys for Med Way* |

SO ORDERED:

*/s/ STEVEN I. LOCKE*
_____

Hon. Steven I. Locke , USMJ on 7.25.22