IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDICAL DEPOT, INC. d/b/a DRIVE DEVILBISS HEALTHCARE,<br><br>      Plaintiff,<br> v.<br><br>MED WAY US, INC.,<br>      Defendant.<br>MED WAY US, INC.,<br><br>      Counterclaimant,<br> v.<br><br>MEDICAL DEPOT, INC. d/b/a DRIVE DEVILBISS HEALTHCARE,<br><br>      Counterclaim Defendant. | Case No.: 2:22-cv-01272-DRH-SIL |

**STIPULATED PROTECTIVE ORDER**

   The parties have produced or intend to produce documents and information in this action that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c). The parties agree that good cause exists to protect the confidential nature of the information contained in documents, testimony, and discovery responses. This action concerns intellectual property and, therefore, documents and information produced by the parties may relate to or include their finances, business strategies, or other confidential business information, including information of a highly sensitive nature. The parties agree that the entry of this Stipulated Protective Order (the "Protective Order") is warranted to protect against harmful disclosure of such documents and information.

   Based upon the stipulation of the parties, and the United States District Court for the Eastern District of New York (the "Court") being duly advised,

   IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in discovery in this case, including those materials labeled "Confidential" or "Attorneys' Eyes Only," shall only be used in this proceeding and shall not be used for any other purpose.

2. Use of any information or documents produced by the parties in discovery in this case, including those labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, and all information derived therefrom shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the Party claiming that such information or documents was lawfully obtained through means or sources outside of this litigation. For avoidance of doubt, no party is restricted as to the use of its own "Confidential" or "Attorneys' Eyes Only" material.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so. Where it is impractical to designate each page of an electronic document (e.g., where native files are produced), the party shall include the words "Confidential" or "Attorneys' Eyes Only" in the file name.

4. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the filing party shall seek leave from the Court to file such materials under seal, and mark them as follows or in substantially similar form:

CONFIDENTIAL

> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

*or*

> ATTORNEYS' EYES ONLY
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall seek leave from the Court to file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court may unseal the document at its discretion. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Unless otherwise agreed, within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts will be treated as "Attorneys' Eyes Only" until the expiration of the thirty-day period.

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when the filing party has sought leave from the Court

to file any portion(s) of such pleadings, motions, briefs, etc. under seal and marked in the same manner as described in paragraph 4 above.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

- a. In-house and outside counsel for the parties, and the administrative staff of counsel.

- b. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

- c. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and who have signed the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

- d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this action.

- e. The authors and the original recipients of the documents.

- f. Any Court reporter or videographer reporting a deposition.

- g. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to outside counsel and the persons listed in paragraphs 7(c), 7(d), 7(e), 7(f), and 7(g), unless additional persons are stipulated by counsel or authorized by the Court.

9. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may seek leave from the Court to exclude from the room any person, other than persons designated in Paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

10. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential," or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential," or "Attorneys' Eyes Only." Promptly after receiving notice from the producing party of a claim of privilege or confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure, other than in accordance with the terms of this Protective Order.

12. If a producing party produces or provides in discovery any information that it believes is subject to a claim of attorney-client privilege, work-product immunity, or any other

privilege, protection, or immunity, such action shall not constitute a waiver of the applicable privilege, protection, and/or immunity consistent with FED. R. EVID. 502(d). The producing party may (promptly upon learning of such production) give written notice to the receiving party that the information is subject to a claim of such privilege, protection, or immunity and request that the information be destroyed by the receiving party. Upon receiving written notice, the receiving party shall destroy all such information (including, without limitation, all originals and copies of any documents containing or comprising such information, and any information incorporated into its own work product) within three business days of receiving such written notice. The receiving party shall promptly provide to the producing party a written certification of the complete destruction of such information (including, without limitation, all originals and copies of any documents containing or comprising such information). Destruction of the information by the receiving party shall not constitute an admission or concession, or permit any inference, that the information is, in fact, properly subject to a claim of privilege, protection, or immunity, nor shall it foreclose the receiving party from moving for an order that such information has been improperly designated as subject to a claim of privilege, protection, or immunity or should be produced for reasons other than a waiver caused merely by the production. The receiving party shall be entitled to prepare a record for its own use containing the date, the author, address(es), and topic of the information and other such information as is reasonably necessary to identify the information and describe its nature to the Court in any motion to compel production of the information. Such a record of the identity and nature of the information may not be used for any purposes other than preparing a motion to compel production of that information in this Action. After the destruction, the receiving party may challenge the producing party's claim(s) of privilege or work-product by making a motion to the Court. Unless previously waived, the disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

13. Designation by either party of information or documents as privileged, "Confidential," or "Attorneys' Eyes Only," or failure to so designate, will not constitute an

admission that information or documents are or are not privileged, confidential, or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as privileged, "Confidential," or "Attorneys' Eyes Only."

14. Upon the request of the producing party or third party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs, not including attorney's fees, of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

16. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

17. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and the Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

| | |
|---|---|
| */s/ Todd S. Sharinn* | */s/ Dyan Finguerra-DuCharme* |
| Todd S. Sharinn | Dyan Finguerra-DuCharme |
| Gilbride, Tusa, Last & Spellane LLC | Felicity S. Kohn |
| 1011 High Ridge Road, Suite 305 | Jessica Rosen |
| Stamford, CT 06905 | 7 Times Square |
| Email: tss@gtlslaw.com | New York, New York 10036 |
| | Tel: (212) 421-4100 |
| *Attorneys for Med Way US, Inc.* | dfinguerra-ducharme@pryorcashman.com |
| | fkohn@pryorcashman.com |
| | jrosen@pryorcashman.com |
| | |
| | *Attorneys for Medical Depot* |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court

adopts the above Stipulated Protective Order in this action.

IT IS SO ORDERED this 4th day of August, 2022.

　　　　　　　　　　　　　　　　　　　  /s/ Steven I. Locke　　　　　　

　　　　　　　　　　　　　　　　　　Hon. Steven I. Locke
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

EXHIBIT A

I, _____ [print or type full name], of _____ [print or type full company name and address] have been advised by counsel of record for _____ [print or type party name] in *Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare v. Med Way US, Inc*., Case No. 2:22-cv-01272 (E.D.N.Y.), of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the Protective Order and agree to abide by its terms, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this Action.

_____
Signed

_____
Printed Name

_____
Date