# PRYOR CASHMAN LLP

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

New York | Los Angeles | Miami

www.pryorcashman.com

**Dyan Finguerra-DuCharme**
Partner

Direct Tel: 212-326-0443
dfinguerra-ducharme@PRYORCASHMAN.com

August 26, 2022

**VIA ECF**
Magistrate Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   **Medical Depot, Inc. v. Med Way US, Inc., 2:22-cv-01272-RPK-SIL**

Dear Judge Locke:

This Firm represents Plaintiff Medical Depot, Inc. d/b/a Drive Devilbiss Healthcare ("Drive" or "Plaintiff") in the above-referenced action. Following the parties' meet and confer on August 26, 2022, we hereby submit, pursuant to Local Civil Rule 37.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Section 4.A.i of Your Honor's Individual Practices, this letter motion to compel Defendant Med Way US, Inc. ("Defendant" or "Med Way") to (i) complete its document production immediately, as it is in violation of this Court's July 25, 2022 order requiring the parties to complete their productions by August 8, 2022 (the "July 25 Order"), (ii) produce documents in their agreed-upon native format, which includes metadata, and (iii) produce documents concerning the selection and clearance of the MEDAIR mark, including the trademark search report that it is withholding on improper privilege grounds.

## A. Defendant Failed to Complete Its Production in Violation of the July 25 Order

Defendant is in violation of Your Honor's July 25 Order that both parties complete their production of documents in response to outstanding discovery requests by August 8, 2022. (*See* Transcript of July 25, 2022 Initial Conference, Ex. 1, at pp. 8:3-12, 10:15-21). While Plaintiff complied with Your Honor's order,[1] Defendant disputed that the Court-ordered deadline applied to it and indicated that Defendant would continue to review and produce documents in the "coming weeks." (August 8, 2022 Letter from Med Way's Counsel, Ex. 2 at p. 1). During the August 26th meet and confer, Defendant confirmed its production is not complete. Moreover, Defendant's production is still missing critical categories of documents, such as complete financial information

---

[1] Plaintiff produced over 1,000 responsive documents by August 8, 2022. On August 9, 2022, Plaintiff discovered additional potentially responsive documents. Plaintiff's counsel diligently reviewed these documents and, on August 11, 2022, made a supplemental production pursuant to its ongoing duty to supplement under Federal Rule of Civil Procedure 26(e).



from April 2019 through the present and documents concerning Defendant's selection and clearance of its MEDAIR mark (*see, e.g.*, Plaintiff's First Request for Production of Documents ("Plaintiff's Requests"), Ex. 3, Request Nos. 2, 12, 13, 16).

Equally concerning, Defendant has not produced a single internal email from Med Way in the entirety of its production. While Defendant's counsel represented on the August 26th meet and confer that its client conducted appropriate searches for documents responsive to Plaintiff's document requests, it defies belief that Med Way has no internal written communications about the creation, selection, or clearance of the MEDAIR mark, or about its awareness of Plaintiff or its mark. (Nor are these documents allegedly privileged. Only two (2) documents appear on its privilege log, both of which are purportedly between Med Way and its counsel.[2]) (*See* Defendant's Privilege Log, Ex. 4, Rows 1 & 2.)

Plaintiff respectfully requests that Defendant be ordered to conduct a comprehensive search of the email and other electronic files of its relevant custodians for documents responsive to Plaintiff's Requests, and that it be compelled to make its production in full by a date certain.

B. **Defendant Must Produce Electronic Documents in Native Format**

Plaintiff further respectfully requests that Defendant be ordered to produce electronic communications, as well as Word and Excel files, in their native format (as Defendant agreed to do in its responses to Plaintiff's Requests), in order to preserve the metadata associated with those documents. We raise this point because, notwithstanding Defendant's representation that it would produce documents in native format (Defendant's Response and Objections to Drive's First Request for Production of Documents, Ex. 5, at p. 3), it has produced only PDFs to date. During the parties' August 26th meet and confer, Defendant's counsel stated that they produced documents in the form in which they were provided by Defendant. This response does not adequately address the issue. This trademark case hinges upon which party used its mark in commerce first. The critical importance of timing in this case makes the production of metadata of the utmost importance. Without it, Plaintiff cannot determine when documents and communications reflecting Defendant's use of its mark in commerce were actually created and sent. Therefore, Plaintiff requests that Defendant be compelled to produce all electronic communications (once it searches for them), as well as Word and Excel files, in native format, as it *already agreed to do*. *See Saliga v. Chemtura Corp.*, Civ. No. 3:12-cv-832 (RNC), 2013 WL 6182227, at *2 (D. Conn. Nov. 25, 2013) (noting courts in the Second Circuit have compelled the production of documents in native format, and collecting cases).

---

[2] Plaintiff's counsel has objected to Defendant's Privilege Log as deficient in several respects. During the August 26th meet and confer, Defendant's counsel agreed to take Plaintiff's objections under advisement and to revert back regarding whether Defendant will revise its Privilege Log.



### C. Documents Concerning Defendant's Selection and Clearance of the MEDAIR Mark, Including Its Improperly Withheld Trademark Search Report

As noted above, Defendant's production is conspicuously devoid of documents concerning its selection and clearance of its MEDAIR mark, which is a critical issue in this litigation – particularly to the extent it reveals Defendant's knowledge of Plaintiff's senior rights in its MED-AIRE mark in connection with virtually identical goods. (Plaintiff's Requests, Ex. 3, Request Nos. 2 (seeking all documents concerning Defendant's selection and clearance of its mark), 16 (seeking all documents concerning Defendant's awareness of Plaintiff and its mark, including trademark search reports).) Not only has Defendant produced not a single document responsive to Plaintiff's Request No. 2 (and only communications between its counsel and Plaintiff's counsel in response to Request No. 16), but Defendant has improperly withheld its trademark search report on the purported basis of attorney client privilege. (Ex. 4, Row 1 (Defendant's counsel confirmed on the August 26th meet and confer that this 46-page "Letter" includes Defendant's trademark search report)).

Trademark search reports themselves are not privileged. *See Fisons Limited v. Capability Ground Limited*, 209 U.S.P.Q. 167 (T.T.A.B. 1980) ("…a search report itself is not privileged…"); *Miles Laboratories, Inc. v. Instrumentation Laboratory, Inc.*, 185 U.S.P.Q. 432, 434 (T.T.A.B. 1975) ("search reports, per se do not fall within the attorney-client privilege . . ."); *Amerace Corp. v. USM Corp.*, 183 U.S.P.Q. 506 (T.T.A.B. 1974) ("…a trademark search report is not privileged…"); *see also Pac. Packaging Concepts, Inc. v. Nutrisystem, Inc.*, No. CV 19-4755-ODW(EX), 2020 WL 6694339, at *1 (C.D. Cal. Sept. 11, 2020) (noting "search reports are not usually privileged," collecting cases, and compelling production of search report); *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 37 (E.D.N.Y. 2013) ("[i]investigatory reports and materials are not protected by the attorney-client privilege or the work-product doctrine merely because they are provided to, or prepared by, counsel.") (citation omitted). Defendant should be compelled to produce documents concerning its selection and clearance of its mark, including its search report.

Respectfully submitted,

Dyan Finguerra-DuCharme