**GILBRIDE, TUSA, LAST & SPELLANE LLC**
ATTORNEYS AT LAW
1011 High Ridge Rd, Suite 305
STAMFORD, CONNECTICUT 06905
(203) 542-8418
FACSIMILE (203) 295-7517
WWW.GTLSLAW.COM

October 27, 2022

**Via ECF**
The Honorable Judge Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE: *Medical Depot, Inc. d/b/a Drive Devilbiss Healthcare v. Med Way U.S., Inc (2:22-cv-01272-DRH-SIL)*

Dear Honorable Judge Locke:

  Med Way U.S., Inc. ("Med Way"), by and through undersigned counsel, submits this letter "Motion" following the parties' meet and confer on October 24, 2022, pursuant to Local Civil Rule 37.3 of the Local Rules of the E.D.N.Y. and Section 4(A)(i) of Your Honor's Individual Motion Practices, to compel Plaintiff Medical Depot, Inc. d/b/a Drive Devilbiss Healthcare ("Drive") to: (i) respond to certain of Med Way's First Request for Production of Documents and First Set of Interrogatories (jointly, "First Requests"), (ii) furnish responses to all of Med Way's Second Request for Production of Documents and Second Set of Interrogatories (jointly, "Second Requests"), to which Drive has summarily objected and refused to respond, and (iii) provide responses to Med Way's First Set of Requests for Admission ("Requests for Admission"), to which Drive improperly refuses to respond on timeliness grounds.[1]

  Drive's contumacious refusal to provide documents and answers to Med Way's Second Requests and Requests for Admission based on Drive's unilateral and tainted assessment as to the proper scope of discovery leaves Med Way with no alternative except to file the instant motion or accept the inequities created through being forced to litigate from a vacuum. Drive casts this matter as a "simple, straightforward case, which can easily be resolved on the documents," *see* Drive's Letter of October 12, 2022, a copy of which is annexed hereto as **Exhibit 6**, when the extensive correspondence between the parties on the subject to date[2] and the parties' three-hour meet and confer on October 24, 2022, plainly illustrate that this case is anything but simple and that Med Way has a valid and pressing need to obtain the documents, information, and admissions sought hereby. Indeed and notwithstanding Drive's eleventh hour

---

[1] A copy of Med Way's First Requests is annexed hereto as **Exhibit 1**. A copy of Drive's Responses to the foregoing requests is annexed hereto as **Exhibit 2**. A copy of Med Way's Second Requests is annexed hereto as **Exhibit 3**. A copy of Drive's Responses to the foregoing requests is annexed hereto as **Exhibit 4**. A copy of Med Way's Requests for Admission is annexed hereto as **Exhibit 5**.

[2] *See* Med Way's Correspondence of August 26, 2022, annexed hereto as **Exhibit 7**; Med Way's Correspondence of September 2, 2022, annexed hereto as **Exhibit 8**; Drive's Correspondence of September 7, 2022, annexed hereto as **Exhibit 9**; Drive's Correspondence of October 7, 2022, annexed hereto as **Exhibit 10**; Med Way's Correspondence of October 7, 2022, annexed hereto as **Exhibit 11**; Drive's Letter of October 11, 2022, annexed hereto as **Exhibit 12**; Drive's Correspondence of October 14, 2022, annexed hereto as **Exhibit 13**; Med Way's Letter of October 17, 2022, annexed hereto as **Exhibit 14**; Med Way's Correspondence of October 19, 2022, annexed hereto as **Exhibit 15**; Drive's Correspondence of October 19, 2022, annexed hereto as **Exhibit 16**; Drive's Correspondence of October 23, 2022, annexed hereto as **Exhibit 17**; Med Way's Correspondence of October 24, 2022, annexed hereto as **Exhibit 18**; Med Way's Correspondence of October 27, 2022, annexed hereto as **Exhibit 19**; and Drive's Correspondence of October 27, 2022, annexed hereto as **Exhibit 20**.

serving of a small fraction of the outstanding discovery sought through this Motion, Drive continues to stonewall Med Way's efforts to obtain essential documents and information based solely on Drive's purely subjective determination that its production should suffice for the parties to submit to mediation at this juncture[3] – a course of action that usurps the Court's role as arbiter of discovery, while prejudicing and taxing Med Way by forcing it to participate without a full and fair appreciation of the operative facts. *See* **Exhibit 20**.

To be clear, despite Drive's persistent attempts to artificially limit the scope of discovery to its narrow interpretation and application of the topic of "priority," *see* **Exhibits 4** and **9**, the fact remains that it is Drive's erratic, inconsistent, and purely descriptive use of the "Med-Aire" term in connection with the manufacturing, distribution, advertising, marketing, offering for sale, and selling of Drive's medical air mattress products between 2007 and 2021 that impelled Med Way to file the instant motion. Drive's production to date evidences only that Drive has utilized the words "Med-Aire" (or, variously, "Med Aire," sans-hyphen) as a descriptor for certain of Drive's mattress products in Drive's catalogues and the like, devoid of distinguishing font or color, set-off text, or even a "™" symbol, with Drive failing in almost every instance to so much as include the alleged mark on Drive's mattresses or the pumps associated therewith. Drive's historically descriptive use of the "Med-Aire" term thus falls far short of proper trademark usage as it utterly fails to function as a source-identifier for the subject mattress products. *See, e.g.*, *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992) (affirming the requirement that a proper trademark be capable of functioning as a source-identifier for goods).

### A. Drive's Improper Objections to Med Way's First Requests.

As set out in detail in **Exhibits 7** and **15**, Drive has improperly objected and failed to produce answers and documents in response to three (3) of Med Way's First Set of Interrogatories (Interrogatory Nos. 5, 12, and 16) and eight (8) of Med Way's First Request for Production of Documents (namely, Request Nos. 3, 4, 5, 10, 11, 12, 14, and 23). While Drive argues these requests lack relevance to the issues in dispute, Med Way directed its requests to subjects that bear explicitly on Drive's use of the mark in commerce, priority, damages, and Drive's willfulness/intent in adopting the mark – all topics that fall within the proper scope of discovery as mutually agreed in the Court's Scheduling Order. *See* **Exhibit 7**; Dkt. 19. Further, it is axiomatic that "[r]elevance" under Rule 26 [of the Federal Rules of Civil Procedure] is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Dorn v. Berson*, 2010 WL 11672098, *1 (E.D.N.Y. Dec. 8, 2010) (internal quotations omitted).

While Drive additionally contends Med Way's Requests are "disproportionate and burdensome," *see* **Exhibits 9** and **17**, Drive, despite being the plaintiff and the vastly more resourceful party, has failed to provide any specificity or credible explanation as to how it could be excessively burdened by such Requests. *See Fritz v. LVNV Funding, LLC*, 587 F.Supp.3d 1, 4 (E.D.N.Y. 2022) ("The party objecting to a discovery request must describe the burden of responding to the request by submitting affidavits or offering evidence revealing the nature of the burden."). All of Med Way's discovery requests fall well within the broad scope of discovery authorized by Rule 26 and seek documents and information probative of the issues in dispute.

---

[3] As previously stated, once Drive ceases withholding crucial documents and information, Med Way welcomes the assistance of the Honorable Magistrate Steven I. Locke in mediating this dispute; but Med Way simply cannot consent to such a step at this juncture without finding itself on unfair footing and deprived of a complete and adequate understanding of Drive's use of the "Med-Aire" term during the relevant timeframe.

## B. Drive's Specious Refusal to Respond to Med Way's Second Requests.

Drive has improperly and summarily objected to the entirety of Med Way's Second Requests, with the lone exception of Document Request No. 38. As **Exhibits 3** and **11** illustrate, Med Way's Second Requests are directed to various topics that bear on the scope, scale, and manner of Drive's use of the "Med-Aire" term in commerce between 2007 and 2021, in sharp contrast to Drive's objections premised on relevance and disproportionality.

Med Way respectfully refers the Court's attention to its arguments as to relevance and disproportionality set forth in Section A of this Motion and incorporates those portions as if set forth herein in response to Drive's objections to Med Way's Second Requests. Additionally, as addressed in **Exhibits 11** and **15**, these Requests are necessary precisely because Drive's current document production has only raised more questions and confusion as to the inconsistent manner in which Drive has used the "Med-Aire" term in connection with certain of Drive's mattress products between 2007 and 2021. Med Way's aim in and through this Motion is to clarify these issues, in addition to elucidating the nature and extent of Drive's infringement of Med Way's registered MEDAIR® mark, among other subjects pertaining to Med Way's counterclaims.

## C. Drive's Failure to Respond to Med Way's First Requests for Admission.

Through its well-crafted papers and again during the meet and confer of October 24, 2022, Drive refused to respond to Med Way's Requests for Admission, invoking timeliness as its basis for objecting.[4] Drive's objection is meritless since Med Way served the Requests for Admission on October 5, 2022, before the close of discovery. Drive contends that the Court's Scheduling Order, Dkt. 19, dictated that fact discovery closed on October 14, 2022. Notwithstanding, it is important to recall that: 1) the Scheduling Order does not specify an end-date for fact discovery; 2) Med Way requested a meet and confer to revise the scheduling deadlines on September 30, 2022,[5] when it became apparent that the present dates were no longer viable because of delays caused by Drive's initial failures to produce timely responses (*see* Dkt. 19); and 3) the compounding of these delays by Drive's motion practice and adjournment of the hearing directed to the same.[6]

In conclusion, Med Way respectfully prays this Court grant the instant Motion, compel Drive's good faith cooperation and production of documents and information, and, if the Court deems appropriate, impose sanctions pursuant to Rule 37(b)(2)(A)(i)-(iv) Fed. R. Civ. P.

                                                          Respectfully submitted,
                                                          */s/Todd S. Sharinn*
                                                           Todd S. Sharinn

---

[4] To the extent Drive contends Med Way's Requests for Admission are overbroad, harassing, or unduly burdensome, Med Way respectfully directs the Court's attention to Med Way's rebuttal of the same contained in **Exhibit 15**.

[5] A copy of Med Way's September 30, 2022, correspondence is annexed hereto as **Exhibit 21**.

[6] While Med Way contends its serving of the Requests for Admission was timely, even in the event it was not, Med Way notes that the Court has the authority to order Drive to furnish responses to these requests, particularly in view of the delays precipitated by Drive's tardy production and motion practice and Drive's continued withholding of relevant and probative documents. *See, e.g., Fournier v. Erickson*, 242 F.Supp.2d 318, 334 (S.D.N.Y. 2003) (holding "the Court has discretion to compel a response to untimely requests for admissions").