UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MEDICAL DEPOT, INC. d/b/a DRIVE
DEVILBISS HEALTHCARE,

                 Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                       2:22-cv-01272 (OEM) (SIL)

                 v.

MED WAY US, INC.,
                 Defendant.
-----------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

      Plaintiff Medical Depot, Inc. ("Plaintiff" or "Medical Depot") filed the complaint in this action on March 8, 2022, against Defendant Med Way US, Inc. ("Defendant" or "Med Way"), bringing claims for trademark infringement, unfair competition, and cancellation of Defendant's registered mark ("Registration No. 6,116,976"). Before the Court is Defendant's motion *in limine*, filed on November 2, 2023, to (1) exclude certain portions of Jeremy N. Sheff's ("Sheff") expert report (the "Scheff Report"); (2) preclude Sheff from testifying on the excluded subjects; and (3) disqualify Sheff as an expert witness in the fields of consumer psychology and marketing. In its Memorandum of Law in Opposition (the "Opposition" or "Opp."), Plaintiff argues that any exclusions made to Sheff's report or testimony should correspondingly apply to Defendant's expert, Francis Duffin. For the reasons that follow, Defendant's motion *in limine* is granted.

## BACKGROUND

      Plaintiff and Defendant are both manufacturers of medical products, including specially designed medical air mattresses. *See generally* Complaint ("Compl."), ECF 1.

      Plaintiff began selling various air mattress models using the descriptors "Med-Aire" and "Med Aire" in 2007. Compl. at 1. Plaintiff alleges that "[t]hrough Plaintiff's exclusive and

1

continuous use, the MED-AIRE mark has become synonymous with Plaintiff's high-quality products and serves to identify Plaintiff as the sole source of these goods. Plaintiff's MED-AIRE mark has become well-known by the general public and in relevant industries through widespread sales and advertising and promotion of the goods and services offered under the mark." *Id.* at 2.

Plaintiff contends that its use of the terms "Med-Aire" and "Med Aire" since 2007 was substantial enough to merit trademark protections, while Defendant argues the opposite. Defendant claims that Plaintiff's branding did not truly use "Med-Aire" or "Med Aire" as a product identifier, contending that the phrases were not placed in a special font, did not have a "TM" affixed afterward, were not used in a consistent and unaltered form, and did not create customer awareness of their trademarked usage.

Defendant alleges that it began selling air mattress medical products using the name "MEDAIR" as early as April 1, 2019. Amended Answer, ECF 15 at 3. On December 10, 2019, Defendant filed United States Trademark Application Ser. No. 88/721,827, which matured into Registration No. 6,116,976, which covered use of the MEDAIR mark for International Class 10 medical products, namely "air mattresses with pump, for medical purposes." Compl. at 6; *see also* Amended Answer at 3. At that time in 2019, Plaintiff's "Med-Aire" phrase had not been registered with the USPTO.

In 2020, Plaintiff sought to register the phrase "Med-Aire." The USPTO initially refused registration due to Defendant's competing "MEDAIR" trademark and because the provided specimen of trademark usage was deficient. After Plaintiff remedied its deficient specimen, the USPTO marked Plaintiff's registration as "suspended" pending the outcome of legal action between the parties.

## PROCEDURAL HISTORY

On March 8, 2022, Plaintiff filed the complaint in the instant action, arguing that Defendant's use of the MEDAIR mark infringed on Plaintiff's unregistered "Med-Aire" mark, which Plaintiff argues had gained trademark protection despite its lack of registration with the USPTO. Plaintiff also brought claims for unfair competition and the cancellation of Registration No. 6,116,976. On May 5, 2022, Defendant filed its initial answer and counterclaim against Plaintiff, which was later amended on May 23, 2022.

During the course of this action, Plaintiff retained Sheff to produce the Sheff Report and to provide testimony in regard to the subject matter of the Sheff Report if called to do so during pretrial proceedings. Sheff Report, ECF 58-1, at 3. Sheff is a tenured Professor of Law at St. John's University School of Law, where he also serves as the Founding Faculty Director of the St. John's Intellectual Property Law Center. *Id*. Sheff has taught Trademark Law and other courses at St. John's University School of Law since 2008. *Id*. The Sheff Report purports to opine as to three issues:

> The first is whether [Medical Depot]'s marketing and sales of products under its claimed MED-AIRE trademark establish "use in commerce" under the Lanham Act sufficient to establish priority of right as of July 13, 2018. This is the date currently claimed by Defendant Med Way US, Inc. ("Med Way") as the date of its first use in commerce of the mark MEDAIR, used on or in connection with the goods and services "air mattresses with pump, for medical purposes" in International Class 10, which is the subject of United States Patent and Trademark Office (USPTO) Trademark Registration No. 6,116,976, Serial No. 88/721,827 ("the '976 Registration").
> The second is whether the use by [Medical Depot] of its claimed MED-AIRE trademark on its products and associated sales materials constitutes "use as a mark" or "trademark use" under the Lanham Act as interpreted by the federal courts and the USPTO.
> The third is whether alternative presentations of [Medical Depot]'s claimed MED-AIRE trademark both with and without a hyphen and with or without an intervening space defeat its claim to priority.

*Id*. at 4.

**LEGAL STANDARD**

"Rule 702 of the Federal Rules of Evidence allows a 'witness qualified as an expert by knowledge, skill, experience, training or education' to testify if his 'specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Cary Oil Co. v. MG Ref. & Mktg., Inc.*, 2003 WL 1878246, at *1 (S.D.N.Y. Apr. 11, 2003) (quoting Fed. R. Civ. Pro. 702). "[T]he proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied." *U.S. v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007). This Court has wide latitude in determining whether the proponent of expert testimony has met this burden. *See Patsy's Italian Restaurant, Inc. v. Banas*, 531 F. Supp. 2d 483, 484 (E.D.N.Y. 2008) ("It is well-settled that the determination of whether to admit expert testimony is within the sound discretion of the trial court.").

"One of the fundamental requirements of Rule 702 is that the proposed testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004) (quoting Fed. R. Evid. 702). "For an expert's testimony to be admissible under this Rule, however, it must be directed to matters within the witness' scientific, technical, or specialized knowledge and not to lay matters which a jury is capable of understanding and deciding without the expert's help." *Andrews v. Metro N. Commuter R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989).

**DISCUSSION**

Defendant argues that the Sheff Report is "a legal brief masquerading as an expert report." Defendant's Memorandum of Law ("MOL") at 1. Defendant alleges that Sheff's violations are three-fold: (1) Sheff attempts to dictate what the law is; (2) Sheff usurps the role of the factfinder by applying law to the facts; and (3) Sheff propounds legal conclusions about the ultimate issues

4

in the case. *See id*. at 2-3. Each of these, if true, would be a basis for excluding Sheff's purportedly violative testimony. *See Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 48 (S.D.N.Y. 2016) ("[C]ourts exclude expert testimony that provide[s] legal opinions, legal conclusions, or interpret[s] legal terms; those roles fall solely within the province of the court.").

Defendant also argues that the Sheff Report is inappropriate in its general subject matter: "juries do not require expert assistance on what constitutes a trademark." *Id* at 3. Defendant argues that the subject matter of the Sheff Report does not concern not a complex or highly technical area of the law such that a legal expert report would be appropriate. *Id*. at 5.

Lastly, Defendant argues that Sheff lacks the educational or experiential background to serve as an expert in consumer psychology and marketing, but nevertheless implicitly attempts to serve as an expert in those fields. *Id*. at 15-17.

### A. The Sheff Report

Though Defendant purports to challenge only those portions of the Sheff Report and related testimony that: "(a) opine on what constitutes the relevant law and the significance of such law, (b) apply such supposed relevant law to the facts, (c) proffer legal opinions, (d) propound legal conclusions, and (e) offer expert testimony directed to the matters of consumer psychology, marketing, and the commercial impression purportedly created by the Med-Aire phrase on the relevant consuming public of medical air mattress products," Defendant characterizes these categories of disputed topics as encompassing the entirety of the Sheff Report—noting, for example, that "Sheff […] admits at the outset of his report that he as retained solely to opine on the ultimate legal issues in this case"—rendering Defendant' challenge as one against the Sheff Report as a whole. MOL at 1.

In general, Defendant argues that Sheff usurps the role of the factfinder and of the Court in his expert report because his testimony as an expert on trademark usage under the Lanham Act concerns a subject that "juries (and factfinders) simply do not require expert assistance to competently assess." MOL at 5. Defendant contends that the Sheff Report speaks to straightforward areas of the law where juries do not require assistance, citing *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.*, 618 F.3d 1025, 1040 (9th Cir. 2010) (excluding an expert "who would have testified that Victoria's Secret used 'Delicious' as a trademark [because] the expert's opinion does not assist the jury because the jury is well equipped to determine … trademark usage without enlightenment from those having a specialized understanding of the subject.").

Plaintiff contends in response that the subject matter of the Sheff Report is a complicated area of the law where an expert report generated by an attorney would be helpful to a jury, citing *In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 184 (S.D.N.Y. 2018) ("Expert testimony is viewed as helpful in cases, like this one, involving complex statutes or issues outside of the general knowledge of the jury.").

Plaintiff cites to several trademark law cases where the expert testimony of attorneys was permitted. *See, e.g. Alyn v. S. Land Co., LLC*, No. 3:15-CV-00596, 2016 WL 7451546, at *1, 5 (M.D. Tenn. Dec. 28, 2016) (permitting testimony from "a former examiner at the PTO, a former adjunct professor of trademark law, and a practicing trademark attorney" offering the opinions that "'Westhaven' is a geographically descriptive term; [Defendant's] misrepresentation to the PTO that the term was not geographically descriptive was material" to its registration of the mark; and "[Defendant's] failure to so indicate to the PTO constituted fraud," concluding that Defendant's

6

concerns that the opinions were "conclusions of law" go to the weight, not the admissibility, of the testimony).

The Court finds that the Sheff Report's subject matter—use in commerce, trademark usage, and the issue of alternate presentations—are straightforward matters of law that a jury can ably decide without the assistance of an . expert. "While the expert can make factual conclusions that embrace an ultimate issue to be decided by the fact-finder, the expert cannot give testimony stating ultimate legal conclusions, nor can that testimony track the language of the statute or the law that the defendants are accused of violating." *Highland Capital Management, L.P. v. Schneider*, 551 F. Supp. 2d 173, 181 (S.D.N.Y. 2008).

Though "[e]xpert testimony is viewed as helpful in cases […] involving complex statutes or issues outside of the general knowledge of the jury," *In re Namenda*, 331 F. Supp. 3d at 184, the questions addressed in the Sheff Report require neither the interpretation of complex statutes nor the analysis of issues outside the general knowledge of the jury.

Determining trademark use "relies upon an ordinary consumer's understanding of the impression that a mark conveys [and] falls within the ken of the jury." *Hana Financial, Inc. v. Hana Bank*, 574 U.S. 418, 422 (2015). The effect of variations in hyphenation and spacing upon the "commercial impression," *Hana Fin., Inc. v. Hana Bank*, 574 U.S. 422-23 (2015), created by the parties' purported marks is a determination that requires no special expertise beyond the abilities of the jury, which can "just as easily make a comparison between the parties' marks," *Patsy's*, 531 F. Supp. 2d at 485, without expert assistance. Likewise, the question of whether Plaintiff's purported mark was used in commerce is one that a jury is well equipped to address without the aid of an expert.

7

The Court is inclined to agree with Defendant's cited out-of-circuit precedent regarding this issue, while not binding on this Court. *See Icon Enterprises Intern., Inc. v. American Products Co.*, 2004 WL 5644805 at *5 (C.D. Cal. Oct. 7, 2004) ("[T]o the extent that the jury in a trademark action is being asked to assess the strength or distinctiveness of a mark and/or the likelihood of consumer confusion, both of which are evaluated from the perspective of the consuming public, an untrained layman is perfectly qualified to decide the issue without enlightenment from those having a specialized understanding of trademark law."); *Fortune Dynamic*, 618 F.3d at 1040 (excluding an expert "who would have testified that Victoria's Secret used 'Delicious' as a trademark [because] the expert's opinion does not assist the jury because the jury is well equipped to determine … trademark usage without enlightenment from those having a specialized understanding of the subject."). Plaintiff's contrary citations to distinguishable cases are unavailing: for example, Plaintiff cites to *Alyn v. S. Land Co., LLC*, 2016 WL 7451546 (M.D. Tenn. Dec. 28, 2016), but the expert report in *Alyn* did not concern trademark usage in general and instead analyzed whether the term "Westhaven" was a geographically descriptive term. *Id*. at *5.

Because the Sheff Report solely concerns "matters which a jury is capable of understanding and deciding without the expert's help," the Sheff Report is excluded. *Andrews v. Metro N. Commuter R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989). Accordingly, the Court needs not reach the additional bases for exclusion raised in Defendant's motion.

### B. Sheff's Testimony

Defendants argue that, in addition to barring the Sheff Report, the Court should preclude Sheff from testifying as to the same questions raised in the Sheff Report. Because the Court finds that the subject matter of the Sheff Report solely concerns "lay matters which a jury is capable of understanding and deciding without the expert's help," the Court correspondingly finds that Sheff

8

may not testify to the same issues raised in the Sheff Report at trial. *Andrews v. Metro N. Commuter R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989).

### C. The Duffin Report

Plaintiff argues that if the Court excludes Sheff's testimony and the Sheff Report, the Court should also exclude the corresponding testimony by Defendant's rebuttal expert, Francis Duffin ("Duffin"). Duffin's testimony was offered solely to rebut Sheff's testimony. *See* Declaration of Dylan Finguerra-Ducharme, ECF 60, Ex. C at 2; *see also id*. Ex. B at 2 ("I have been retained to consider and opine on the conclusions of Plaintiff's Expert as to three issues opined on in Plaintiff's Affirmative Expert Report"). Plaintiff argues that the Duffin Report would have no basis for admission without Sheff, citing *Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, No. 11CV6201 (DLC), 2015 WL 539489, at *1 (S.D.N.Y. Feb. 10, 2015) (finding that granting a motion to exclude an expert witness' testimony automatically excluded the corresponding rebuttal expert's testimony, mooting a motion *in limine* directed at the rebuttal expert). Defendant contends in response that Plaintiff is precluded from seeking exclusion of the Duffin Report because Plaintiff first raised this argument in its opposition papers and failed to file a motion *in limine* to exclude the report by the Court's November 2, 2023 deadline.

"Federal Rule of Civil Procedure 26 defines rebuttal expert testimony as testimony 'intended solely to contradict or rebut evidence on the same subject matter identified [in the expert testimony offered] by another party.' '[T]he [rebuttal] expert's testimony should be to 'explain, repel, counteract or disprove evidence' presented by the expert to whom he or she is responding." *Carroll v. Trump*, No. 22-CV-10016 (LAK), 2023 WL 2652636, at *2 (S.D.N.Y. Mar. 27, 2023).

With the Sheff Report excluded, Duffin's rebuttal report "must also be excluded as irrelevant," as its sole relevance at trial was to rebut now-excluded expert testimony. *Golden*

9

*Unicorn Enterprises, Inc. v. Audible, Inc.*, No. 21-CV-7059 (JMF), 2023 WL 4561718, at *8 (S.D.N.Y. July 17, 2023) ("Audible retained Juli Saitz to rebut Egan's damages analysis and opinions. In light of the Court's preclusion of Egan's testimony, therefore, Saitz's testimony must also be excluded as irrelevant. It follows that Plaintiffs' motion to preclude Saitz's testimony is moot."). That Plaintiff did not file a motion *in limine* to exclude the Duffin Report does not change this outcome. *See Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, No. 11-CV-681 KBF, 2015 WL 5459662, at *9 n.2 (S.D.N.Y. Sept. 16, 2015) ("Although [defendant] has only specifically moved to preclude the rebuttal expert testimony of [two particular rebuttal experts], to the extent any other experts similarly merely rebut [an excluded expert's] opinions those experts too are now unnecessary and thus precluded."). Accordingly, the Duffin Report is excluded as unnecessary and thus precluded.

## CONCLUSION

For the reasons set forth above, Defendant's motion is granted. The Sheff Report is excluded, as is any testimony by Sheff at trial concerning the subject matters of the Sheff Report. In light of the exclusion of the Sheff Report and related testimony, the Duffin Report is likewise excluded as irrelevant.

**SO ORDERED.**

                                                                       /s/
                                                **ORELIA E. MERCHANT**
                                                **United States District Judge**

Dated: Brooklyn, New York
       April 26, 2024.